SO ORDERED.

SIGNED this 3rd day of February, 2021.



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

___

Designated for online use but not print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| Brenda Lynn Michalski, | Case No. 20-40276 |
| Debtor. | Chapter 13 |
| Brenda Lynn Michalski, | |
| Plaintiff, | |
| v. | Adv. No. 20-07014 |
| Joseph Michalski, Jr., | |
| Defendant. | |

## Memorandum Opinion and Order
## Denying Motions for Summary Judgment

Debtor Brenda Lynn Michalski filed this adversary proceeding against Defendant Joseph Michalski, Jr., her former husband, seeking a determination whether her obligation to pay certain joint debts, contained in a Separation and Property Settlement Agreement and Parenting Plan entered in the parties' divorce proceeding, is a nondischargeable domestic support obligation or dischargeable as a part of a division of property and debts.[1] The matters before the Court are cross motions for summary judgment.[2] Debtor appears by John R. Hooge. Defendant appears by Ryan A. Blay. The Court concludes that the uncontroverted facts do not provide a sufficient basis for determining if the debts in issue are dischargeable.

## I. Findings of Uncontroverted Facts.

Federal Rule of Civil Procedure 56 governing motions for summary judgment applies in adversary proceedings.[3] Local rule 56.1[4] states the

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *available in* D. Kan. Rules of Practice and Procedure. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

[2] Docs. 23 & 24.

[3] Fed. R. Bankr. P. 7056.

[4] D. Kan. Rule 56.1.

requirements for memoranda in summary judgment proceedings. In particular, it requires that a memorandum in support of a motion for summary judgment begin with "section that contains a concise statement of material facts as to which the movant contends no genuine issue exists." Those facts must be stated in numbered paragraphs and refer with particularity to the portion of the record relied upon. A party opposing the motion is to provide a concise statement of material facts as to which the party contends there is a dispute, and, if any additional facts are presented, state them in numbered paragraphs with reference to the record.

When seeking and opposing summary judgment, neither party adhered to these requirements. Debtor partially complied in her motion. She set forth in separately numbered paragraphs the parties' joint stipulation of facts contained in the pretrial order. But she also referred the Court to documents, which the parties had stipulated were admissible, without statement of any uncontroverted facts on which she relies supported by that document. Her statement of facts also describes an attached affidavit without identifying the material factual statements. Defendant's motion for summary judgment more closely complies with the local rule, but it refers to an affidavit that has not been filed. When responding to the opposing motion for summary judgment, neither party complied with the local rule. Further, the arguments

3

made in support of their positions refer to facts not included in their respective statements of fact and there appears to be controversy about those facts. For example, the statements of fact do not identify which of the debts assumed by the Debtor were marital debts, but in her argument Debtor submits that some of the debts listed in the separation agreement were not joint debts. Also, there appears to be disagreement about the incomes of each party at the time of the divorce.

This noncompliance leaves the Court unable to determine what facts the parties regard as material and what facts, other than those stated in the joint stipulation, are uncontroverted. For the purposes of the motions, the Court therefore finds the uncontroverted facts are those stated in the stipulation,[5] which are:

1. On October 30, 2020, the Shawnee County (Kansas) District Court entered a Decree of Divorce in case number 2019-DM-000787, *In the Matter of the Marriage of Brenda Michalski and Joseph Michalski, Jr.*.

2. On October 28, 2020, the parties entered into a Separation and Property Settlement Agreement and Parenting Plan (the "Agreement"). The Agreement was incorporated into the Decree of Divorce.

3. Section III of the Agreement provides for a division of Property.

---

[5] Doc. 18.

4. Section IV of the Agreement provides for a division of the parties' respective obligations and debts.

5. Paragraph H of Section IV reads as follows:

> **Debts Not Subject to Discharge**. The debts and obligations assigned hereinabove are in the nature of alimony, maintenance, or support, and are "domestic support obligations"as defined in Section 101(14A) of the United States Bankruptcy Code.

## II. Analysis

A domestic support obligation (DSO) is defined in 11 U.S.C. § 101(14A) to include a debt that is owed to a former spouse "in the nature of alimony, maintenance, or support" of the former spouse that was established before the bankruptcy case was filed "by reason of a separation agreement, divorce decree, or a property settlement." A determination of whether an obligation is a DSO, and therefore nondischargeable, "is a dual inquiry into both the parties's intent and the substance of the obligation." [6] As to the first, the inquiry is the shared intent of the parties" whether they intended the obligation as maintenance at the time the obligation arose.[7] The second inquiry asks whether the obligation is in substance support.[8] The party

---

[6] *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717, 723 (10th Cir. 1993).

[7] *Id.*

[8] *Id.* at 725.

5

seeking nondischargeability has the burden of proof as to both elements.[9] When moving for summary judgment, Debtor contends that as a matter of law Defendant cannot prove either element because of lack of evidence. When moving for summary judgment, the Defendant relying on the Agreement and the circumstances, makes the opposite argument that as a matter of law the obligation is a DSO.

When determining the spouses' shared intent, the Court is not bound by the words of an agreement, even if it is unambiguous.[10] It is bound to look behind the words of the agreement.[11] Therefore, in this case, the Court is not bound by the statement in the Agreement that the debts assigned to the Debtor, as well as those assigned to Defendant, are "in the nature of alimony, maintenance or support." Defendant is not entitled to summary judgment based upon this language. Further, although this Court is not bound by the parties's characterization of the obligation,[12] this portion of the Agreement is evidence of intent.[13] Plaintiff's contention that Defendant is unable to show any intent that the assumption of debt by Debtor was intended as maintenance therefore must fail.

One commentator has stated, "[n]o type of obligation is more difficult for the bankruptcy court to analyze in determining [whether it is a DSO] than a spouse's

---

[9] *Id.*

[10] *Young v. Young (In re Young)*, 35 F.3d 499, 500 (10th Cir. 1994).

[11] *Id.*

[12] *In re Sampson*, at 722; *In re Okrepka*, 533 B.R. 327, 334 (Bankr. D. Kan. 2015).

[13] *In re Sampson*, at 723.

6

undertaking to pay joint marital debts or to hold the other spouse harmless from such debts."[14] In this case, the uncontroverted facts are not sufficient for the Court to make that determination. "It is clear that the evidence may go beyond simply the dissolution agreement or decree. It can, and probably should, in most cases, include testimony regarding the parties' circumstances and intent at the time of the agreement."[15]

The Court concludes that it cannot rule for either party based upon the present pleadings. To determine if the obligation is a DSO, Court to will need to understand the parties' joint intent and the substance of the Agreement. It cannot do so based upon the limited facts presented in the summary judgment pleadings. It is clear that a trial is necessary to properly determine dischargeability.

The motions for summary judgment are denied.

**IT IS SO ORDERED.**

### ###

---

[14] 1 *Collier Family Law and the Bankruptcy Code* ¶ 6.05 ( Henry J. Sommer & Margaret Dee McCarthy 2021).

[15] *Id.* ¶ 6.07.